## OPPENHEIMER v. UNITED STATES.

(Circuit Court, S. D. New York.    December 13, 1898.)

No. 2,134.

1. CUSTOMS DUTIES—CHANGE OF LAW—DATE OF IMPORTATION.
    Where goods were entered on August 27, 1894, but were in the custody of the government on the 28th, they must be treated as imported on the 28th, and are dutiable under the act of August 27th.

2. SAME—MANUFACTURES OF WOOL—GOODS OF MOHAIR.
    Goods made of mohair yarn, which is made from the hair of the Angora goat, imported on August 28, 1894, are subject to duty under the tariff act of August 27, 1894. Such articles cannot be considered as manufactures of wool, on which the reduction of duties made by such act were postponed, though the material is known commercially as "ice wool," in view of the fact that it has been separately provided for in several tariff acts.

This is an appeal by H. Oppenheimer from a decision of the board of general appraisers affirming a classification for duty of certain imported merchandise.

Stephen G. Clarke, for importer.

J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge (orally).    The articles in question are shawls, commercially known as "ice-wool squares or shawls," made of ice wool or mohair yarn, which yarn is made from the hair of the Angora goat.    It appears that while the goods were entered at the port of New York on August 27, 1894, they were actually in the custody of the United States government on August 28th; and therefore, as to this branch of the case, the court is governed by the rule laid down in U. S. v. E. L. Goodsell Co., 28 C. C. A. 453, 84 Fed. 439, and the goods must be treated as imported on August 28, 1894.    The collector classified the articles for duty under the act of 1890, before the Goodsell decision, supposing at that time that the goods had actually been imported on August 27th.

The first contention of the government is that these articles are made of wool, because the material is commercially known as "ice wool"; but I do not think this contention is supported, in view of the fact that these words are often used without any such signification, as in the case of articles commercially known as "mineral wool," "cotton wool," or "ice cream."    It may be true, as contended by counsel for the government, that in common meaning and speech the mohair, or hair of the Angora goat, is not differentiated from wool; but in view of the fact that this hair has been separately provided for in various tariff acts, in view of the contemporaneous and subsequent construction of this act by the board of appraisers at the port of New York, and especially in view of the reasoning of the court in the case of U. S. v. Klumpp, 169 U. S. 209, 18 Sup. Ct. 311, it cannot be assumed that congress intended to postpone the reduction of the rates of duty on manufactures of the hair of the Angora goat; and the decision of the board of appraisers is, therefore, reversed.